

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-23-00079-CR

Alfredo **MONTEJANO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 379th Judicial District Court, Bexar County, Texas
Trial Court No. 2022CR5078
Honorable Ron Rangel, Judge Presiding

Opinion by:    Lori Massey Brissette, Justice

Sitting:    Irene Rios, Justice
Beth Watkins, Justice
Lori Massey Brissette, Justice

Delivered and Filed: December 4, 2024

AFFIRMED

Appellant Alfredo Montejano asserts that when he was sentenced, the trial court committed harmful error by not conducting an ability-to-pay inquiry on the record as required by Texas Code of Criminal Procedure article 42.15(a-1). We agree that the trial court was statutorily required to inquire into Montejano's ability to pay fines and costs on the record at sentencing and failed to do so. However, Montejano's right to an inquiry on the record was forfeitable, and he failed to timely object. Accordingly, we overrule his sole issue and affirm the trial court's judgment.

**BACKGROUND**

**Jury Trial**

A jury found Alfredo Montejano guilty of evading arrest or detention while using a vehicle, a third-degree felony. It assessed punishment at confinement for four years and six months, but it did not impose a fine. On January 17, 2023, the trial court sentenced Montejano in accordance with the verdict, and it assessed court costs of $430.

***Anders* Brief, Remand**

Court-appointed counsel filed an *Anders* brief, asserting that she reviewed the entire record and found no arguable points of error, and a motion to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967); *Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014). As required, we conducted an independent review of the record and concluded there was an arguable ground of appeal at that time. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *see also Anders*, 386 U.S. at 744. Specifically, this court had not yet decided whether the trial court's failure to inquire on the record about a defendant's ability to pay a fine and costs was reversible error. We granted the original appellate counsel's motion to withdraw, abated this appeal, remanded the cause for the trial court to appoint new appellate counsel, and ordered new briefing.

**Amended Briefs**

In his amended brief, Montejano argues that the trial court's failure to inquire on the record about his ability to pay court costs was harmful error. He asks that we reverse his conviction and remand the cause for a new trial.

The State asserts the conviction should be affirmed because (1) Montejano failed to preserve his complaint for appellate review, precluding us from reaching the issue; (2) the trial

court must have found that Montejano did not have the then-present ability to pay since it ordered the court costs to be paid upon his release from confinement; (3) any error in failing to hold an inquiry on the record is harmless since Montejano has a statutory right to seek reconsideration of the court costs upon his release; and (4) even if the trial court's failure to inquire on the record is harmful error, the appropriate remedy is to affirm the judgment, modified to delete the costs.

## NO ABILITY-TO-PAY INQUIRY ON THE RECORD

Article 42.15(a-1) requires the trial court, at the time of sentencing, to hold a hearing on the record regarding the defendant's ability to pay any fine and costs:

> Notwithstanding any other provision of this article, during or immediately after imposing a sentence in a case in which the defendant entered a plea in open court as provided by Article 27.13, 27.14(a), or 27.16(a), a court shall inquire *on the record* whether the defendant has sufficient resources or income to immediately pay all or part of the fine and costs.

TEX. CODE CRIM. PROC. ANN. art. 42.15(a-1) (emphasis added) (effective Sept. 1, 2021).

### No Timely Objection

The State asserts that Montejano waived his complaint by not timely objecting to the absence of an ability-to-pay inquiry on the record. *See* TEX. CODE CRIM. PROC. ANN. art. 42.15(a-1) (requiring an inquiry on the record); TEX. R. APP. P. 33.1(a) (error preservation). We agree.

The Court of Criminal Appeals recently held that an ability-to-pay inquiry is a forfeitable right. *Cruz v. State*, No. 0628-23, 2024 WL 4031525, at *1 (Tex. Crim. App. Sept. 4, 2024). *Cruz* reasoned that "because the [Article 42.15(a-1)] inquiry is not fundamental to the functioning of our adjudicatory system," if the trial court does not conduct an ability-to-pay inquiry on the record, the defendant must timely object to preserve a complaint for appellate review. *Id.*; *see* TEX. R. APP. P. 33.1(a)(1) (error preservation); *Proenza v. State*, 541 S.W.3d 786, 797 (Tex. Crim. App. 2017) (noting that "the responsibility of asserting forfeitable rights belongs to the litigants . . . not the trial judge [and] such rights will be unavailable on appeal if not urged at trial").

**CONCLUSION**

Montejano failed to timely object when the trial court omitted to address his ability to pay fines and costs on the record at sentencing. Because a defendant's right to an ability-to-pay inquiry on the record is forfeitable, and Montejano did not preserve his complaint for appellate review, we conclude that Montejano waived the issue of the trial court's failure to inquire into his ability to pay in accordance with Article 42.15(a-1). *See Cruz*, 2024 WL 4031525, at *1; *Proenza*, 541 S.W.3d at 797; *see also* TEX. R. APP. P. 33.1(a)(1). We overrule Montejano's sole issue and affirm the trial court's judgment.

Lori Massey Brissette, Justice

DO NOT PUBLISH